HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROLAND JESSE DAZA-CORTEZ,

      Petitioner,

  v.

UNITED STATES OF AMERICA,

      Defendant.

No. 2:18-cv-01608-RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on three motions: Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct a Sentence, Dkt. # 1; Petitioner's Amended § 2255 Motion, Dkt. # 11; and Petitioner's Motion for Summary Judgment, Dkt. # 18. For the reasons below, the motions are **DENIED in part** and **GRANTED in part**.

## II. BACKGROUND

ORDER – 1

1   Petitioner Rolando Jesse Daza-Cortez ("Petitioner") is a federal prisoner who is serving a sentence of 126 months for convictions upon guilty pleas to Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and Money Laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).  Dkt. # 1 at 1.  Petitioner and two co-defendants were indicted with Conspiracy to Distribute Controlled Substances on August 6, 2015.  Dkt. # 5 at 4.  Several months later, a grand jury returned a superseding indictment including the conspiracy count as well as nine additional felony counts related to drug trafficking, money laundering, and firearms offenses.  *Id.*  If convicted of all counts, Petitioner would face a statutory minimum sentence of fifteen years.  *Id.* (citing 21 U.S.C. § 841(b)(1)(A) and 18 U.S.C. § 924(c).

Over the next year, Petitioner requested new counsel multiple times.  *Id.* at 4-5.  In June 2016, the Court granted Petitioner's request for a new attorney, and Ms. Emily Gause was retained.  *Id.* at 6.  In February 2017, Ms. Gause filed several pre-trial motions including a motion to dismiss, a motion to suppress, and various discovery-related motions.  *Id.*  The Court considered the motions over a two-day evidentiary hearing in March 2017 and ultimately denied all of them.  *Id.*

On March 13, 2017, Petitioner pled guilty to Counts 1 and 9 through a written plea agreement entered in open court before The Honorable Mary Alice Theiler.  *Id.* at 5.  The first count for conspiracy to distribute controlled substances has a mandatory minimum term of ten years, up to a $10 million fine, up to five years of supervised release, and a $100 assessment.  Dkt. # 5-1 at 7.  The second count of money laundering has no mandatory minimum and is punishable by a term of imprisonment up to 20 years, a fine of up to $500,000 or up to twice the amount of the criminally derived property involved in the offense, supervised release for up to three years, and a $100 assessment.  *Id.*

The plea agreement included a sentencing recommendation of not less than 120 months and not more than 132 months.  *Id.* at 8.  It also included a waiver of post-conviction collateral attack rights, under which, in exchange for the concessions made

ORDER – 2

within the Plea Agreement, Defendant agreed to waive "[a]ny right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation." Dkt. # 5 at 9.  As part of the concessions, the Government dismissed all other charged counts pending including money laundering counts and firearms counts carrying additional mandatory minimum prison terms.  *Id.*  During the change of plea hearing, Judge Theiler repeatedly asked Petitioner if he reviewed everything in the plea agreement with his counsel, if he understood everything, and if he was fully satisfied with the representation of his counsel.  Dkt. # 5 at 10-11.  He answered in the affirmative for each.  *Id.*  After Judge Theiler entered her report and recommendation, Petitioner did not file any objections.

On November 3, 2017, Petitioner was sentenced by this Court to a term of 126 months imprisonment.  *Id.*  A few days later, he filed a direct appeal of the conviction and sentence.  Dkt. # 9 at 2.  On June 14, 2018, the Ninth Circuit dismissed the appeal based on the "valid appeal waiver."  *United States v. Daza-Cortez*, 9th Cir. No. 17-30221, CR Dkt. # 211 at 1.

Just under a year later, Petitioner timely filed a § 2255 motion in November 1, 2018, alleging (1) ineffective assistance of counsel; (2) "insufficient evidence"; (3) "abuse of process"; and (4) "due process of law."  Dkt. # 1 at 4-8.  He requested a reduction of his sentence to three to five years in prison.  Dkt. # 1 at 12.  In his reply to the Government's response to the motion, Petitioner changed his request and asked the Court to dismiss his conviction with prejudice.  Dkt. # 6 at 4.

On May 17, 2019, Petitioner filed an unopposed motion to postpone the deadline to file amended pleadings so that he may supplement his petition with additional information that he claimed was previously unavailable to him.  Dkt. # 8.  The Court granted the request.  Dkt. # 10.  On August 5, 2019, he filed an amended § 2255 motion under the caption "Petitioner's Response to Government's Response to § 2255 Motion Under 28 U.S.C. § 2255."  Dkt. # 11.  In the amended motion, Petitioner set forth eleven

ORDER – 3

additional instances of ineffective assistance of counsel by his former attorney, Ms. Gause. *Id.* at 4-13. He also requested, at minimum, an evidentiary hearing if the Court would not vacate his conviction and sentence based on the facts and evidence in the record. *Id.* at 14.

On January 7, 2020, Petitioner filed a motion for summary judgment. Dkt. # 18. In this motion, he focused on the claim of ineffective assistance of counsel related to Ms. Gause's alleged failure to adequately communicate to him a previous plea offer by the Government with a sentencing range between 84 and 102 months in custody. *Id.* at 4. Petitioner alleges that Ms. Gause rejected the proposal without his consent. *Id.* He subsequently agreed to the Government's plea offer with a sentencing range of 120 to 132 months. Dkt. # 5 at 8. The Court will consider Petitioner's allegations in all three pleadings.

### III.   LEGAL STANDARD

Habeas review is an extraordinary remedy and "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174 (1947). Indeed, "the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (internal quotation marks and citation omitted); *United States v. McMullen*, 98 F.3d 1155, 1157 (9th Cir. 1996) ("[A] § 2255 petitioner cannot challenge non-constitutional sentencing errors if such errors were not challenged in an earlier proceeding"). The court must grant a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

### IV.   DISCUSSION

In his initial habeas petition, Petitioner alleged (1) ineffective assistance of counsel, (2) "insufficient evidence," (3) "abuse of process," and (4) "due process of law." Dkt. # 1 at 4-8. He did not, however, file any objections to Judge Theiler's report and recommendation or raise these claims during his proceedings before this Court. The

ORDER – 4

Court will review the grounds for each claim.

### A. "Insufficient Evidence," "Abuse of Process," and "Due Process of Law" Claims

Because Petitioner failed to raise any of these three claims during the proceedings before this Court, they are procedurally defaulted. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *Withrow v. Williams*, 507 U.S. 680, 720-21 (1993) (Scalia, J., concurring) (holding that "[i]f the claim were raised and rejected on direct review, the habeas court will not readjudicate it absent countervailing equitable considerations; if the claim was not raised, it is procedurally defaulted"); *United States v. McMullen*, 98 F.3d 1155, 1157 (9th Cir. 1996) (holding that "[p]etitioners waive the right to object in collateral proceedings unless they make a proper objection before the district court or in a direct appeal from the sentencing decision"). The Ninth Circuit has consistently held that a habeas petitioner cannot challenge unconstitutional sentencing errors if such errors were not challenged in a prior proceeding. *Id.* Because these claims are procedurally defaulted, the Court need not address the merits.

### B. Ineffective Assistance of Counsel Claims

A claim of ineffective assistance of counsel, however, is not defaulted by the failure to raise it in district court proceedings. To demonstrate such a claim, a defendant must show that (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This test applies to challenges to guilty pleas based on claims of ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). To establish that counsel's performance was deficient, a defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. Indeed, the defendant must demonstrate that counsel "fell below an objective standard of reasonableness." *Id.* at 688. The court must consider the circumstances and counsel's perspective at the time of the conduct and the

ORDER – 5

court's "scrutiny of counsel's performance must be highly deferential. *Id.* at 689. To establish that the deficient performance prejudiced the defense, the defendant must show that counsel's errors ultimately "deprive[d] the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. In the context of a plea agreement, "a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012).

In his initial § 2255 motion, Petitioner alleged generally that Ms. Gause failed to investigate "key facts," failed to address "[m]aterial [d]eficiencies regarding a [w]holesale of overt insufficiencies regarding the allegations," and failed to make discovery available to Petitioner. Dkt. # 1 at 4. In his supplemental § 2255 motion, Petitioner alleged eleven instances of ineffective assistance of counsel against his former counsel. Dkt. # 11 at 10-14. Specifically, Petitioner set forth five instances in which Ms. Gause allegedly failed to investigate; two instances in which she allegedly provided erroneous advice; and four instances in which she allegedly abandoned Petitioner at critical stages of his trial. *Id.* The Court finds that, except for one, all allegations are either not cognizable or contradicted by the record. The Court will address each claim in turn.

Petitioner sets forth the allegations as follows:

1. Counsel failed to demonstrate that Petitioner was not the owner, driver, or in possession of the car where drugs and guns were found as part of the record to show actual innocence. Dkt. # 11 at 5.

2. Counsel failed to investigate tax records, expense accounts, and other financial records of the Avocados Restaurant to verify that it was a legitimate business and preclude forfeiture. *Id.*

3. Counsel failed to investigate fingerprints on the bags of drugs to show that Petitioner's fingerprints were not present. *Id.* at 6.

4. Counsel failed to provide defendant with discovery, was "not ready," and filed a motion for admissibility a day past the deadline. *Id.*

ORDER – 6

5. Counsel failed to raise a violation of Petitioner's right to a speedy trial after requested to do so by Petitioner.

6. Counsel failed to inform Petitioner that she was presented with "an offer of a 5 year minimum sentence," which is much shorter than the sentence in the instant plea agreement. *Id.* at 9.

7. Defendant was not properly informed that he would be waiving all rights to appeal other than ineffective assistance of counsel until he signed the plea agreement. He alleges that he felt "bullied into signing under duress as the Government threatened to keep the restaurant and request more time in prison for each day the plea was not accepted." *Id.*

8. Counsel failed to review the pre-sentence report with Petitioner, and, as a result, he was unable to file objections. *Id.* at 11.

9. Counsel failed to file a notice of appeal or appeal when there was clear instruction by Petitioner. *Id.*

10. Counsel failed to file an *Anders* brief. *Id.* at 11-12.

11. Counsel failed to contest forfeiture proceedings which Petitioner alleges were conducted in an illegal fashion. *Id.* at 12.

"[A]lthough freestanding constitutional claims are unavailable to habeas petitioners who plead guilty, claims of pre-plea ineffective assistance of counsel are cognizable on federal habeas review when the action, or inaction, of counsel prevents petitioner from making an informed choice whether to plead." *Mahrt v. Beard*, 849 F.3d 1164, 1170 (9th Cir. 2017) (citing *Tollett v. Henderson*, 411 U.S. 258, 266 (1973)). Accordingly, Petitioner's admission of guilt under oath limits the type of challenges he may bring. Specifically, Petitioner cannot challenge the evidence against him; he may only challenge whether his guilty pleas were voluntary and intelligent in character. Petitioner's first five claims and eleventh claim involving Ms. Gause's alleged failure to investigate, failure to raise a speedy trial violation, and failure to contest forfeiture proceedings are freestanding claims that do not undermine the voluntariness of his guilty plea. Because these claims are not cognizable on habeas review, the Court dismisses them.

ORDER – 7

1  Petitioner's allegation that Ms. Gause failed to inform him about appellate waiver
2  is contradicted by the record. The plea agreement that Petitioner agreed to in open court
3  stated that "Defendant waives all rights to appeal from his conviction and any pretrial
4  rulings of the court." *Id.* at 9. As noted above, Petitioner was thoroughly questioned by
5  Judge Theiler during his change of plea hearing to confirm that he fully understood the
6  terms of the agreement, had sufficient time to review all of its provisions, and was
7  satisfied with his representation. *See* Dkt. # 5 at 9-12. Petitioner confirmed his
8  agreement with and understanding of the plea agreement. *Id.* The Court therefore
9  dismisses Petitioner's seventh claim of ineffective assistance of counsel.

Petitioner's next claim that counsel failed to review the pre-sentence report with him and that, as a result, he was unable to file objections is also contradicted by the record. Petitioner retained new counsel after his guilty plea. Dkt. # 12 at 18. His new counsel, Yan Shrayberman, immediately moved to continue the sentencing hearing, which the Court granted and rescheduled for four months after his guilty plea. *Id.* At the sentencing hearing, Petitioner stated that the had reviewed the Presentence Report with his attorney prior to the hearing. Dkt. # 5-2 at 4. Petitioner's claim that Ms. Gause failed to adequately review the pre-sentence report with him is meritless, as is any allegation that Mr. Shrayberman failed to do so. Petitioner's claim that counsel failed to file a notice of appeal or appeal when there was clear instruction by Petitioner is similarly without merit, given the fact that Mr. Shrayberman filed a notice of direct appeal on Petitioner's behalf just five days after his sentencing hearing. Dkt. # 12 at 18. These claims are dismissed.

The Court finds that Petitioner's claim involving counsel's alleged failure to file an *Anders* brief is similarly meritless. An *Anders* brief is required when a criminal defense attorney "finds his case to be wholly frivolous" and requests permission to withdraw. *Anders v. State of Cal.*, 386 U.S. 738, 744 (1967). In this circumstance, an attorney must provide a brief "referring to anything in the record that might arguably

ORDER – 8

support the appeal." *Id.*   Here, Petitioner's appointed appellate counsel filed an opening brief in Petitioner's direct appeal claiming that the Court had erred in its calculation of the sentencing range by improperly increasing his offense level for possessing firearms. Dkt. # 12 at 19.  Because appellate counsel filed an opening brief with a non-frivolous claim, an *Anders* brief was unnecessary.  Counsel's failure to file such a brief does not, therefore, constitute ineffective assistance of counsel.  This claim is dismissed.

In his last remaining claim of ineffective assistance, Petitioner contends that Ms. Gause did not adequately inform him about the Government's previous plea offer, which included a sentencing range of 84 to 102 months in custody.  Dkt. # 18.  He claims that Ms. Gause told him about the plea offer but that she failed to inform him when it expired. *Id.* at 2.  In his initial habeas petition, Petitioner noted that he had asked Ms. Gause several times about the plea offer, "which [he] wanted to accept, but she did not move to accept it." Dkt. # 1 at 4.  He alleges that she "claimed the government changed their position and wanted [him] to spend more than ten years." *Id.*

In consideration of this allegation, Assistant United States Attorney Sarah Vogel asked Ms. Gause to provide a declaration stating that she did communicate the offer to Petitioner. Dkt. # 18 at 11.  Ms. Vogel told Ms. Gause that "[i]f we don't submit a Declaration, we'll almost certainly need to have an evidentiary hearing on the question of whether you conveyed the offer to your client." *Id.*  Ms. Gause declined to provide any evidence of communications between her and her client without a court order. *Id.* at 10.

Both Petitioner and the Government filed the email correspondence between Ms. Gause and Ms. Vogel and her co-counsel, Andy Colasurdo, from January 25 through February 6, 2017 on the previous plea offer made by the Government.  Dkt. ## 12, 18. The correspondence between counsel is revealing:

- **January 25, 2017**: The Government offered a plea deal in which Petitioner would plead guilty to a 5-year mandatory minimum drug offense (as opposed to 10-year mandatory minimum for another charge), and it would recommend a sentence of 7 to 9 years, among other concessions with respect to forfeiture, etc.  The deadline

ORDER – 9

to accept the offer was January 31, 2017. Dkt. # 18 at 13-15.

- **January 26, 2017**: Ms. Gause responded that she reviewed the proposal with her client and that they were "pleased that this is moving in the right direction." However, she noted that without a significant reduction in the sentencing reduction, "Petitioner is not motivated to accept a resolution." He wanted a sentence range recommendation of 5 to 7 years. *Id.* at 16.

- **January 30, 2017**: Ms. Gause emailed the Government in response to its counter-offer from January 27[1] and explained that "even if [Petitioner] was ready to sign a plea agreement and get into court tomorrow, I am unavailable to do so" due to travel plans. She said she spoke with Petitioner that day and said he is willing to make the proposed financial concessions, but still wants a reduction in the amount of custodial time. *Id.* at 18.

- **January 31, 2017**: The Government said that its plea negotiation deadline remained firm and that the offer must be accepted by 5pm on February 1. It said that it was willing to extend the plea entry date to no later than February 6, but that the hearing be on the Court's schedule by February 1 or "the offer expires and negotiations are done." It agreed to one "absolutely final concession" to reduce the recommended sentence range maximum to 8.5 years, for a range of 7 to 8.5 years in custody. *Id.* at 19.

- **February 1, 2017:** Ms. Gause said she spoke with Petitioner yesterday and that morning about the final plea offer. She said that his family was coming to Seattle to discuss this decision and that he had asked her to see him to discuss it fully. She indicated that she will be meeting with him on February 6 and will have a firm answer regarding accepting or rejecting the offer by 1pm on February 6. She said "I understand if you consider this to be a rejection of the offer, but my client is not prepared to make a decision without consulting with me and his family in person." *Id.* at 21.

- **February 6, 2017:** Ms. Gause said that "[g]iven your position that you are unwilling to budge from a range of 7 to 8.5 years, and given the fact that you are unwilling to speak with us further about resolving this case or details in the plea agreement, **we reject your offer."** *Id.* at 22.

Separately, on February 3, Ms. Gause emailed Petitioner's relative about the Government's plea agreement proposal as though it were still on the table. *Id.* at 24. It appears that Ms. Gause did not appreciate the hard deadline of February 1, 2017 set by the Government for accepting the offer: she discussed it with Petitioner during their

---

[1] The Court notes that the Government's January 27, 2017 email referenced by Ms. Gause is not in the record and is unavailable for review by the Court.

ORDER – 10

meeting on February 6, and she emailed an explanation of the terms of the agreement to his relative on February 3, without any apparent indication that it had expired. *Id.* at 23-24. This correspondence raises questions as to (1) whether Ms. Gause communicated the deadline, and (2) if she had done so, whether it would have persuaded Petitioner to accept the plea deal.

The failure by defense counsel to adequately convey a plea offer to Petitioner may constitute ineffective assistance of counsel. *See Nunes v. Mueller*, 350 F.3d 1045, 1053 (9th Cir. 2003) (holding that "[d]uring all critical stages of a prosecution, which must include the plea bargaining process, it is counsel's 'dut[y] to consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution'" (quoting *Strickland*, 466 U.S. at 688)). In *Missouri v. Frye*, the Supreme Court held that "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." 566 U.S. 134, 145 (2012). In that case, defense counsel failed to communicate formal offers to the defendant, and the offers lapsed. *Id.* at 147. The defendant entered an open plea exposing him to a maximum sentence of four years imprisonment, instead of the earlier plea offer which limited his sentence to one-year imprisonment. *Id.* at 148. The Court recognized this failure as deficient performance in satisfaction of the first *Strickland* prong. *Id.* With respect to the second prong of prejudice, the Court noted the following:

> In a case, such as this, where a defendant pleads guilty to less favorable terms and claims that ineffective assistance of counsel caused him to miss out on a more favorable earlier plea offer, *Strickland*'s inquiry into whether "the result of the proceeding would have been different," 466 U.S., at 694, 104 S. Ct. 2052, requires looking not at whether the defendant would have proceeded to trial absent ineffective assistance but whether he would have accepted the offer to plead pursuant to the terms earlier proposed.

*Id.*

Here, though Ms. Gause conveyed the Government's prior proposal to Petitioner,

ORDER – 11

her failure to convey when it expired could be found to be deficient performance because it ultimately deprived him of the opportunity to accept it.  Whether Petitioner would have accepted it before it expired remains unclear.  Concluding that he would not have accepted the offer in the absence of additional evidence, however, would be impermissible.  *See Nunes*, 350 F.3d at 1055 (holding that the state court's "statement that [the petitioner] had failed to show that he would have accepted the plea offer if it had been conveyed to him accurately was an impermissible-and a really speculative-conclusion").  The Court therefore orders an evidentiary hearing to consider the following questions:

1. Does Ms. Gause have in her possession any file notes regarding communications with the Petitioner regarding plea offers and expiration dates?

2. Does Petitioner have any additional evidence regarding Ms. Gause's communications orally or in writing?

3. What facts or evidence can Petitioner present to demonstrate that there was a reasonable probability he would have accepted the plea offer before any represented or projected plea expiration date?

## V.   CONCLUSION

For the reasons stated above, it is hereby **ORDERED** that:

(1) An evidentiary hearing will be **GRANTED** on a date to be determined to address whether Petitioner's former counsel's communication of a previous plea agreement constituted ineffective assistance of counsel;

(2) The Court will appoint counsel to represent Petitioner in the evidentiary hearing;

(3) The Court will set a pre-evidentiary hearing conference at a date to be determined in the future;

(4) The parties are ordered to submit briefing and witness and exhibit lists three weeks before the date of the hearing; and

ORDER – 12

(5) All other claims are **DISMISSED**.

DATED this 22nd day of February, 2021.

The Honorable Richard A. Jones
United States District Judge

ORDER – 13