UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROLANDO JESSE DAZA-CORTEZ,<br><br>　　　　Defendant-Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff-Respondent. | NO.  C18-1608RAJ<br>　　(CR15-269RAJ)<br><br>UNITED STATES' ANSWER TO AMENDED PETITION FILED UNDER 28 U.S.C. § 2255<br> ("PETITIONER'S RESPONSE TO GOVERNMENT'S RESPONSE") |

Exhibit 9

Email from AUSA Colasurdo to Prior Counsel Emily Gause

January 27, 2017



Logout

### RE: Daza Cortez: Proposed Plea Agreement

From:   Andy.Colasurdo@usdoj.gov
To:     emily@emilygauselaw.com
Cc:     Sarah.Vogel@usdoj.gov, Karen.Wolgamuth@usdoj.gov
Sent:   1/27/2017 10:58:53 AM

Emily,

Thank you for your prompt response to our offer.

We decline to make any further concessions. This offer represents your client's one and only opportunity for a sentence below the mandatory minimums. In fact, it permits him to argue for a sentence less than half the fifteen-year term he will serve if convicted at trial, notwithstanding the fact that your client has a long history of drug-related conduct and is charged with very serious firearms offenses. If not entered by the previously-imposed deadline, this offer will expire and there will be no further offers.

If you file a motion to continue the pretrial motions deadline, we respectfully request that you not represent our negotiation position as "close." On the contrary, while we have made significant concessions in counts, custodial time, and forfeiture, your client has merely stated, and re-stated, the same ultimatums. We clearly are not close.

Your request that we grant you the benefit of suppression of evidence before you have prevailed on any motion seems to us to significantly overstate your client's position. Suppression of the evidence of the Scion does not affect the ten-year mandatory minimum, even if you were to prevail. Moreover, to date you have not offered any suppression argument that we believe has merit. In an effort to find middle ground, we have offered a way for your client to obtain the benefit of this agreement, but still attempt to

disassociate himself from those items, but we are not prepared to pretend they didn't exist.

Finally, the forfeiture of the seized restaurant funds is well justified as proceeds of the drug conspiracy, or as funds involved in money laundering, or both. In sum, even if you were to prevail on the restaurant money laundering at trial, we would be seeking forfeiture of all assets listed in the indictment. We did not find anything in your expert report that changes our position on this issue. We did find numerous statements in your expert report that do not appear to be substantiated by any documentary evidence, leading us to believe that you either have additional discovery that you have withheld in violation of Rule 16, or that you intend to introduce these facts via only testimony (e.g., of Mr. Daza's relatives). In either event, it is not particularly persuasive.

Thank you for providing one page of discovery, a notarized statement by Erick Sosa V. dated on April 30, 2016. The relevance of the document signed by Mr. Sosa regarding the Cadillac is puzzling. If this document is accurate, it merely proves our concealment theory by substantiating the fact that Mr. Daza perceived himself as the true owner of the vehicle (despite the fact that it remains registered to the straw purchaser). Moreover, if Mr. Sosa is really the new owner of the vehicle, then your client has no lingering ownership interest in it at all and, thus, has no reason to object to forfeiture of his interest. As you know, only a defendant's personal interest in an asset may be forfeited in criminal proceedings. All others' interests (whether the buyer of a car or the spouse of the defendant) have to be litigated separately in collateral proceedings. Your client could not agree to forfeit anyone else's interest in the assets even if he wanted to.

We look forward to hearing your client's final answer. Again, the deadline for accepting the offer and entering the plea is Tuesday, January 31, 2017. If he declines this offer, we look forward to litigating this case.

**C. Andrew Colasurdo**