UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROLANDO JESSE DAZA-CORTEZ,<br><br>                Defendant-Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                Plaintiff-Respondent. | NO.  C18-1608RAJ<br>     (CR15-269RAJ)<br><br>UNITED STATES' ANSWER TO AMENDED PETITION FILED UNDER 28 U.S.C. § 2255<br>("PETITIONER'S RESPONSE TO GOVERNMENT'S RESPONSE") |

Exhibit 14

Email between Prior Counsel Emily Gause and Florinda Cortez

February 19, 2017

# Emily Gause

| | |
|---|---|
| **From:** | emily@emilygauselaw.com |
| **Sent:** | Sunday, February 19, 2017 1:22 AM |
| **To:** | 'Florinda Cortez' |
| **Subject:** | RE: Roland's Offer |
| **Attachments:** | Daza-Cortez 404(b) Disclosure Motion.pdf; Daza-Cortez Co-Conspirator Statements Mtn..pdf; Daza-Cortez CS Identification and Impeachment Motion.pdf; Daza-Cortez Dismissal Reply.pdf; Daza-Cortez Jencks Disclosure Mtn..pdf; Daza-Cortez Motion to Dismiss.pdf; Daza-Cortez Motion to Suppress 2.6.17.pdf; Daza-Cortez Personnel Files Mtn..pdf; Daza-Cortez Suppression Reply.pdf; Daza Cortez Bill 2.19.17.pdf |

Roland has decided not to accept the 7 to 8.5 year offer from the government. I have been busy filing many motions, and just Friday filed reply briefs to the government's response motions. You can see some of the motions attached to this email – but there were 9 motions total filed. We have a hearing scheduled for March 9 to argue all of these motions.

I also went to view evidence last Thursday – all the firearms involved in the case from the storage unit, the scion, and the guns found in Roland's house. Greg came with me and took photographs.

The current bills for investigator, paralegal, and Lorraine Barrick's updated bill are all attached too.

The amounts owing for Lorraine (she has not been paid since October 2016) amount to **$24,352.50.**
The amount owed to Craig, our legal researcher/paralegal, is **$4,290.00.**

Please pay these people directly pursuant to our fee agreement.

Thank you, Florinda. I am always available to talk by phone if you have other questions.

**Emily M. Gause**
Attorney at Law
Gause Law Offices, PLLC
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
Phone: 206-660-8775
Fax: 206-389-1708

Website | LinkedIn | Avvo
*Criminal defense throughout the State of Washington*

The information contained in this electronic communication is personal, privileged and/or confidential information intended only for the use of the individual(s) or entity(ies) to which it has been addressed. If you read this communication and are not the intended recipient, you are notified that any dissemination, distribution or copying of this communication, other than delivery to the intended recipient is strictly prohibited. If you have received this communication in error, please notify the sender immediately by reply e-mail. Thank you.

**From:** Florinda Cortez [mailto:florindacortez9@gmail.com]
**Sent:** Monday, February 13, 2017 4:03 PM
**To:** Emily M. Gause <emily@emilygauselaw.com>
**Subject:** Re: Roland's Offer

1

Hello Emily so my mom just wanted to know what will happen now with my uncles case? She hasn't really been able to communicate with him.

On Monday, February 6, 2017, Emily M. Gause <emily@emilygauselaw.com> wrote:
> The forensic accountant saved Roland his interest in Avocados, avoided him paying $350,000+ in a money judgment because Lorraine proved that amount of cash was not deposited by Roland into Avocados, and got the rest of the money laundering counts (4 counts) dismissed. I cannot nor would I ever promise they merely hiring an expert would result in dismissal of everything. But Lorraine's work put Roland in the position he is now with the offer he has.
>
> Sent from my iPhone
>
> On Feb 6, 2017, at 7:39 AM, Florinda Cortez <florindacortez9@gmail.com> wrote:
>
>> Hello Emily
>> My mom said that she spoke to my uncle and that he wants to know why the still have the money laundering case for the Cadillac if the forensic accountant charged a lot of money to proof there was no money laundering.
>>
>> On Friday, February 3, 2017, <emily@emilygauselaw.com> wrote:
>>
>>> Florinda,
>>>
>>> Roland is being offered a deal where he would plead guilty to Conspiracy to distribute controlled substances (Count 1) but to lesser amount of drugs that only results in a 5 year mandatory minimum (rather than the 10 year mandatory minimum as charged). The offer also requires that he admit to money laundering, but only to the Cadillac Escalade. He would be required to forfeiture the money in the Union bank accounts ($65,000 ish), the Escalade, and the $71,973 that the government has been collecting from Avocados checks while this case has been pending.
>>>
>>> The government would agree to dismiss *all remaining counts,* including all of the other money laundering counts, the guns counts that both carry a 5-year mandatory minimum, and will not require that he plead to the guns/drugs found in the Scion.
>>>
>>> The government would also agree to return Roland's interest in Avocados and not make him pay the $357,000+ that they claim he put into Avocado's restaurant. After the plea agreement is entered, the Avocado's checks would start coming back to you – since you are collecting on Roland's behalf. The Government estimates this amount to be $4,000 + per month.
>>>
>>> The government's final offer is to allow us to recommend 84 months (7 years) and the Government will recommend no more than 102 months (8.5 years).

2

If Roland got the 7 year sentence that I will be advocating for, he would be getting out of prison in roughly 33.5 months (under 3 years).

If Roland got the 8.5 years that the government can ask for, he would be getting out of prison in roughly 49 months (4 years).

To get these numbers, I subtracted 20 months for credit for time served (the time that Roland will have spent at the FDC from his arrest until his sentencing), subtract 15% good time credit that he will receive off his prison sentence, and subtract 12 months for completion of the RDAP program in prison. Further, he will likely get out of prison about 6 months early to go to a half-way house before transitioning to the community.

This is not the range of time that I wanted. I strongly advocated for a range of 5-7 years. However, I do not believe the offer is going to get better. We do have good motions and trial issues that Roland can choose to pursue and litigate. We can keep fighting. However, Roland must know that he is looking at a range of 15-25 years if he loses at trial, and will almost certainly be convicted of *a 10 year mandatory minimum* due to the quantity of drugs they can tie Roland to for an August 2014 stop and controlled buys. So best case scenario at trial is 10 years. Worst case is 15-25 (although probably more like 15-18 years given the way our judges sentence people in this district). Therefore, a deal where Roland could get 7 years and "worst case scenario" would get 8.5 years is not that bad.

The proposed plea agreement is attached. This is the latest and final plea agreement.

I look forward to hearing from you after you meet with Roland, and I also look forward to speaking to him about all of this on Monday morning when I see him.

Thank you,

**Emily M. Gause**
Attorney at Law
Gause Law Offices, PLLC

1001 Fourth Avenue, Suite 4400

Seattle, WA 98154
Phone: 206-660-8775

Fax: 206-389-1708

3

<u>Website</u> | <u>LinkedIn</u> | <u>Avvo</u>

*Criminal defense throughout the State of Washington*

The information contained in this electronic communication is personal, privileged and/or confidential information intended only for the use of the individual(s) or entity(ies) to which it has been addressed. If you read this communication and are not the intended recipient, you are notified that any dissemination, distribution or copying of this communication, other than delivery to the intended recipient is strictly prohibited. If you have received this communication in error, please notify the sender immediately by reply e-mail. Thank you.